**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Northstar Scientific Solutions,
LLC,

               Plaintiff,

v.

Michigan Health Clinics, PC, *et al.*,

               Defendants.[1]

_____/

Case No. 26-cv-11209

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

**ORDER REMANDING CASE TO
SAGINAW COUNTY CIRCUIT COURT**

On April 14, 2026, this case was removed to this Court from Saginaw County Circuit Court. (ECF No. 1.) The notice of removal is signed by David Stockman, who is identified as the corporate officer of Defendant Michigan Health Clinics, PC. (*Id.* at PageID.1, 5.) On April 24, 2026, the Court issued an order requiring Defendant to obtain counsel. (ECF No. 3.) The order stated:

---

[1] Two Defendants are listed on the docket: Michigan Health Clinics, PC and David Stockman. However, only Michigan Health Clinics, PC is identified as a Defendant in the removal notice's case caption. (ECF No. 1, PageID.1.)

There is no indication that Stockman is a lawyer, and the docket reflects that Stockman proceeds *pro se*. "A corporation, partnership, or association may appear in federal courts only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder." *Lea v. Tracy Langston Ford, Inc.*, No. 19-5706, 2019 WL 9171095, at *2 (6th Cir. Dec. 30, 2019) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–03 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)). Accordingly, Defendant must obtain licensed counsel within two weeks of the date of this order. **Failure to comply with this order may result in sanctions, including the case being remanded to state court.**

(*Id.* at PageID.16–17 (emphasis in original).)

It has now been more than two weeks since the Court entered its order. According to the docket, Defendant has not obtained a lawyer. Defendant cannot appear in this Court without counsel. The Court gave Defendant an opportunity to obtain counsel, but it failed to do so.[2] Accordingly, the case is remanded to Saginaw County Circuit Court.

---

[2] Stockman is aware of the requirement to obtain corporate counsel from the Court's order in this case (ECF No. 3)—and potentially from an order issued on May 8, 2026 in a different case in this district. In that case, Stockman filed a removal notice as the sole officer and managing representative of the same entity that is the Defendant in this case: Michigan Health Clinics, PC. The May 8, 2026 order stated that "Dr. Stockman impermissibly removed the matter pro se on behalf of [a] corporation. It is well-settled that non-lawyers, such as Dr. Stockman, cannot remove a case to federal court on behalf of a corporation." *Sensus Healthcare, Inc. v. Mich. Health Clinics, P.C.*, No. 25-13515, 2026 WL 1283762, at *1 (E.D. Mich.

IT IS SO ORDERED.

Dated: June 22, 2026          s/Judith E. Levy
     Ann Arbor, Michigan          JUDITH E. LEVY
                               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2026.

                       s/William Barkholz
                       WILLIAM BARKHOLZ
                       Case Manager

---

May 8, 2026) (collecting cases). The order stated that Stockman "was aware of this requirement when he filed the Notice of Removal" in that case on November 4, 2025. *Id.* at *2.